FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 04 2017

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JEREMY DUNCAN on behalf of Himself
and all Others Similarly Situated                                     PLAINTIFF

VS.                    CASE NO: 2:17-cv-179-KGB

CLIFF SANDERS, Individually and in his Official Capacity
as a Police Officer for the City of Elaine, Arkansas, and in
his Official Capacity as a Police Officer for the City of             DEFENDANT
Helena-West Helena, Arkansas

This case assigned to District Judge __Baker__
and to Magistrate Judge __Ray__

## CLASS ACTION COMPLAINT

COMES the Plaintiff, by and through counsel, and for this Complaint, he states:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident and citizen of the State of Arkansas, who was arrested illegally by the Defendant while Defendant was an uncertified police officer. The Defendant is an Arkansas citizen who was employed as a police officer by the City of Elaine, Marvell, and Helena-West Helena within the three years preceding the filing of this Complaint. Defendant is sued in his individual and official capacities. This is an action brought to redress deprivation of Plaintiff's state and federal constitutional rights, as allowed by 42 USC 1983 and the Arkansas Civil Rights Act of 1993. Since the acts giving rise to this matter arose within Phillips County, Arkansas, venue is proper under 28 USC 1391(b). This Court has personal jurisdiction over the parties, as well as federal question subject matter jurisdiction under 28 USC 1331. This Court has supplemental jurisdiction under 28 USC 1367. The Cities are public entities organized under Arkansas state law. All actions were taken under color of law.

### GENERAL ALLEGATIONS OF FACT

2. Defendant, within the past three years, has been acting as a certified police officer.

3. Defendant is not, and has not been, a certified police officer, yet he has exercised the powers the Cities granted him under color of law.

4. Because Defendant was uncertified, Defendant illegally arrested Plaintiff on multiple occasions for arson using more force than was reasonably necessary to effectuate the arrest. The first time was in 2016. Defendant approached the Plaintiff and attempted to interrogate him. Plaintiff declined, invoking his 5th Amendment rights. Defendant then slammed Plaintiff to the ground in retaliation and peppersprayed the Plaintiff. Defendant then refused to decontaminate the Plaintiff. The last time Defendant arrested Plaintiff was in 2016.

5. In fact, Defendant has arrested hundreds of people illegally.

6. As a result, Plaintiff and the Class have had to pay illegal fines and costs and expended attorney's fees.

## COUNT I

7. Plaintiff re-alleges the foregoing as if fully set out herein.

8. Plaintiff is an Arkansas taxpayer. Plaintiff was innocent of arson, yet he was required to pay costs and fees.

9. By virtue of the facts alleged herein, Defendant, in his official capacity, has committed an illegal exaction, as well as aided and abetted the illegal exaction in his official capacity.

## COUNT II - CLASS ACTION

10. The class consists of all persons, who within three years prior to the filing of this lawsuit have been arrested by the Defendant under color of law, while impersonating a certified law enforcement officer. The exact number of the class is unknown, but it is believed to exceed 100 (one hundred).

11. Plaintiff's claims are typical of the class and there are common issues of fact.

12. These issues include, but are not limited to whether Defendant has illegally forced Plaintiff pay fines and costs.

13. A class action is a superior means of adjudicating this controversy. Indeed, common issues of fact and questions of law predominate over individual issues. Here, the common question is whether Defendant has illegally forced Plaintiff pay fines and costs

14. Plaintiff and his counsel are competent to represent the class. She seeks certification under Rule 23 (b)(1), (b)(2), and (b)(3).

15. As direct result of the exercise of inappropriate discretion, Plaintiff and the Class have been denied their state and federal constitutional rights and have been forced to pay illegal fees and costs, as well as expended unnecessary money for fees.

16. Plaintiff is therefore entitled to an Order certifying the Class, Ordering Defendant to disgorge those fines and costs collected, for an Order requiring the Defendant to cease and desist from any further collection action on said fees and costs, and for an Order requiring Defendant to discontinue these arresting people under the authority of a certified police officer.

## COUNT III

17. Plaintiff re-alleges the foregoing as if fully set out herein.

18. Plaintiff had a clearly established right to remain silent, to be free from excessive force, the right to be arrested only with probable cause, and the right to invoke his constitutional rights without fear of retaliation under both the Arkansas Constitution.

19. Defendant falsely accused Plaintiff of arson. After Plaintiff invoked his 5th Amendment rights, Defendant slammed Plaintiff to the ground, seriously injuring Plaintiff's arms, back, and knees and pepper spraying the Plaintiff without probable cause.

20. Plaintiff did not resist.

21. Plaintiff had committed and no crime and was innocent.

22. In fact, another person was convicted of the arson.

23. As a result of Defendant's actions and inactions, Plaintiff has incurred legal bills, experienced unnecessary pain, and experienced severe mental and emotional distress.

24. Defendant's actions were so egregious so as to warrant the imposition of punitive damages. In fact, the Cities knew they had failed to train their officers, yet they intentionally refused to train their officers. So, punitive damages should be assessed under the ACRA against in the Defendant both the individual and official capacities.

WHEREFORE, Plaintiff prays for an order awarding him and the Class appropriate compensatory damages, pre-judgment interest, attorney's fees, statutory penalties, costs, for a trial by jury, for an Order certifying the Class, for an Order reinstating benefits in the interim, and for an Order requiring Defendant to discontinue these illegal arrest practices, and all other appropriate and proper relief.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501-315-1910  Office
501-315-1916  Facsimile
Attorney for the Plaintiff

By:  /s/ Luther Oneal Sutter
Luther Oneal Sutter, ARBN 95031
luthersutter.law@gmail.com